IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ANDRES ANGULO-ARJONA, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 1:11 CV 223 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### **MEMORANDUM AND ORDER**

This matter is before me on Petitioner Andres Angulo-Arjona motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner asserts that he received ineffective assistance of counsel because his counsel failed to file an appeal on his behalf. For the reasons stated below, Petitioner's motion will be denied.

**I.    Background**

On December 1, 2009 the DEA and SEMO Drug Task Force were conducting a drug investigation around Cape Girardeau, Missouri. On that date a confidential informant (CI) made a payment on a drug debt owed to an individual later identified as Abraham Olivas-Sepulveda (Olivas-Sepulveda). The CI and Olivas-Sepulveda discussed prices for ice methamphetamine and cocaine. Petitioner was present at this meeting. Petitioner and another subject left briefly and then returned with an amount of methamphetamine and cocaine which was given to the CI.

On December 11, 2009, the CI called Olivas-Sepulveda about making a payment for the drugs obtained on December 1, 2009. Olivas-Sepulveda instructed the CI to call Petitioner. The CI called Petitioner and arranged to meet for the purpose of paying the debt and obtaining additional drugs. The CI paid Petitioner $3,700 in cash and Petitioner then provided the CI with

an additional amount of methamphetamine. On December 22, 2009, the CI paid Petitioner $4,400 and was then provided with an additional amount of methamphetamine. On January 14, 2009, the CI paid Petitioner another $4,400 and was subsequently provided with an amount of methamphetamine. Subsequent to this deal, officers stopped and arrested both Petitioner and a companion. Petitioner admitted at the time of his arrest that he was illegally in the United States.

Agents executed a search warrant at the apartment where Petitioner was residing. Located at the apartment was a substance later determined by the DEA laboratory to contain 106.3 grams of actual methamphetamine, a Taurus caliber .38 Special, revolver and $2,545.00. Also located were various documents relating to the conspiracy. Further investigation disclosed that Petitioner was an alien who was unlawfully within the United States, and had previously been deported from the United States to Mexico on or about May 30, 2006, at or near El Paso, Texas. Petitioner had not obtained the express consent of the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission to the United States.

Petitioner was indicted, along with two other people, and charged with conspiracy to distribute 50 grams or more of methamphetamine, possession of a firearm by a felon and illegal re-entry. Petitioner pleaded guilty on September 3, 2010. The Presentence report recommended that Petitioner was responsible for 268 grams of actual methamphetamine, 27.9 grams of cocaine and a handgun. The total offense level was determined to be 33 and the criminal history category I, for an advisory guidelines range of 135 - 168 months. No objections were filed to the Presentence report.

The Assistant U.S. Attorney filed a motion for downward departure and I sentenced Petitioner to an aggregate total of 80 months of incarceration concurrent on all of the charges. No

appeal was filed. Petitioner has now filed a Section 2255 Petition and Respondent has filed a Response. Petitioner was ordered to file a Reply to the Government's Response no later than April 30, 2012. As of today's date, Petitioner has not filed a Reply.

**II.     Discussion**

Petitioner raises a single argument in his Section 2255 petitioner. Angulo-Arjona argues that he received ineffective assistance of counsel when his counsel failed to follow his direction to file an appeal following his sentencing.

To prove that his trial counsel was constitutionally defective under the Sixth Amendment, Petitioner must show that (1) counsel's performance was deficient and (2) that the deficiency "prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove deficiency, Petitioner must meet the high burden of showing that counsel made such serious errors such that he was "not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id.; see also United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (noting the "heavy burden" a movant faces under the Strickland standard). Courts accord substantial deference to counsel's performance, examining his actions at the time they were taken, not after. Strickland, 466 U.S. at 689. To show prejudice, Petitioner must prove a "reasonable probability" that the outcome of the proceeding would have been different "but for counsel's unprofessional errors." Id. at 694. Where the movant fails to establish one of the two elements, the claim fails. Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995).

An attorney "who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). The Supreme Court has explained,

> When counsel fails to file a requested appeal, a defendant is entitled to a new appeal without showing that his appeal would likely have had merit. This is so because a defendant who instructs counsel to initiate an appeal reasonably relies on counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

Id. However, "a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." Id..

Here, Petitioner's claim fails. Petitioner does not indicate when or how he requested his counsel file an appeal. Petitioner merely indicates his attorney disregarded a specific instruction to file an appeal. This is contrary to the record in this case and his counsel's sworn affidavit. On December 13, 2010, Petitioner signed a Certification of Compliance with Local Rule 12.07(A). This certification indicated that Petitioner was fully informed of the right to appeal the final judgment in his case, that he declines to appeal the final judgment, and that he has instructed his counsel not to file an appeal. Cert. of Compliance, 1:10CR42, Docket No. 133. Petitioner does not assert any facts that contradict the certification he signed nor does he assert any facts suggesting he advised his counsel, at any time, to file an appeal on his behalf. Further, in response to my order, Petitioner's counsel filed an affidavit with the Court, indicating that immediately after sentencing, Petitioner asked his counsel if he thought Petitioner should appeal. Affidavit, 1:11CV223, Docket No. 5-1. Counsel indicated that he should not and that he had gotten a good sentence given the mandatory minimum sentence and the Assistant U.S. Attorney filing a Section 3553 motion. Counsel has no other recollection regarding filing an appeal or any notes or writing from Petitioner directing counsel to file an appeal. Petitioner has failed to file a

Reply addressing or refuting any of the assertions his counsel has raised.

I find that Petitioner has failed to refute the record in this matter that indicates Petitioner directed his counsel not to file an appeal on his behalf. As a result, his counsel was not ineffective for following Petitioner's instruction, and Petitioner's claim is denied.

### III. An Evidentiary Hearing is not Warranted

Generally, 28 U.S.C. § 2255 entitles a movant to a hearing on the merits of their petition. However, there is a well established exception to this rule when the files and records of the case conclusively show that the petitioner is not entitled to relief. Hodges v. United States, 368 U.S. 139, 140 (1961); Check v. United States, 858 F.2d. 1330, 1333 (8th Cir. 1988). Because the record in this case conclusively establishes that Petitioner is not entitled to relief, his request is denied.

### IV. Certificate of Appealability

To grant a certificate of appealability, a court must find a substantial showing of a denial of a constitutional right. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). A substantial showing requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Id. For the reasons above, I find Petitioner has not made such a showing. Thus, I will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED that** Petitioner Andres Angula Arjona's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability, as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgement will be entered on this same day

Dated this 7th day of September, 2012.

                                                                  _____
                                                                  RODNEY W. SIPPEL
                                                                  UNITED STATES DISTRICT JUDGE